UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

**MINUTES OF PROCEEDINGS**               DATE: June 1, 2000

**CIVIL NO. 98-1527 (DRD)**

LAW CLERK: Karen A. Rivera-Turner

===============================================================

| ALEXIS M. HERMAN | Attorneys: | Fidel Sevillano - AUSA |
|---|---|---|
| | | Evan Barouh by phone |
| Plaintiffs | | |
| v. | | |
| UNIVERSAL SECURITY ADVISORS | | Nerylu Figueroa-Estasie |
| Defendants | | |

===============================================================

Further status conference was held today. Counsel advised the Court as to the status of discovery.

Counsel for Plaintiff advises that Plaintiff's second set of interrogatories and request for admissions have not been answered and, thus, requests an Order that the interrogatories be answered and the requests for admissions be deemed accepted. Counsel for Defendant requests an extension to answer the interrogatories and respond to the request for admissions. The Court grants Defendant twenty (20) days to answer the interrogatories and forewarns that failure to comply may subject Defendant to sanction. As to the request for admissions, the Court reminds the parties that failure to timely respond to a request for admissions results by operation of law in the admissions being deemed accepted. Fed. R. Civ. P. 36(a). <u>Farr Man & Co., Inc. v. M/V Rozita</u>, 903 F.2d 871, 975-876 (1st Cir. 1989). Accordingly, the Court denies at this time an extension of time to respond when such an extension is requested extremely beyond the period to respond has expired. Notwithstanding,

the Court advises Counsel for Defendants that there exists a procedure under the Rules to seek redress from the effects of a request for admissions deemed admitted. See Id. See also Bergemann v. United States, 820 F.2d 1117 (10th Cir.1987); Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir.1982); 4A J. Moore & J. Lucas Moore's Federal Practice ¶ 36-08 at 36-80 (2d ed. 1990).

Plaintiff's second set of interrogatories must be answered by Mr. Rivera. Corporate protection of liability for executives/owners does not apply in F.L.S.A. complaints and, hence, executive/owners may be personally liable. Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668 (1st Cir. 1998); Massachusetts Laborers' Health and Welfare Fun v. Starret Paving Corp., 845 F.2d 23, 24 (1st Cir. 1988).

Under its continuing obligation to update discovery, the Court Orders Defendant to make available for Plaintiff in Defendant's Counsel's office, within ten (10) days, updated payroll records.

Counsel for Defendant requests from Plaintiff that all remaining depositions be scheduled. Counsel for Plaintiff informs that he must subpoena the employees to be deposed. The Court Orders both Counsel to confer and agree within fifteen (15) days on dates for depositions of persons under Plaintiff's control as well as those to be subpoenaed. The Court further forewarns Counsel for Plaintiff that the depositions must be taken regardless of whether Counsel is in Puerto Rico for another case (Secretary of Labor v. Hotel Oasis, Inc., 94-1437).

*[signature]*
LAW CLERK

s/c: Counsel of record
N:\MINUTES\98-1527 MEM